FILED

2007 NOV 19 PM 1:31

-PS-O-

U.S. DISTRICT COURT
W.D.N.Y. BUFFALO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DERRICK FONTAINE,

        Plaintiff,

    -v-                                         07-CV-0634A

MS. L. YOUNG, FPO-1,
MR. GARY S. GEIGER, FPO-II,              **ORDER**
MR. FELIX M. ROSA, Exec. Dir. And Sec. of
N.Y.S. Div. Of Parole, and
N.Y.S. Division of Parole Dept.,

        Defendants.

---

## INTRODUCTION

Plaintiff, Derrick Fontaine, an inmate of the Southport Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1)[1] and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2, 6). Plaintiff has also filed a motion for the appointment of counsel (Docket No. 7), and motion for a temporary restraining order and preliminary injunction seeking an order transferring him immediately to Rikers Island in New York City and the "Syracuse County Jail, Gen. Pop." (Docket No. 5)

---

[1] Plaintiff also refers to 42 U.S.C. §§ 1985 and 1986, and the Racketeering and Corrupt Organizations Act (RICO), as legal bases for his claims herein. These claims need not take up much of the Court's attention herein and, to the extent plaintiff attempts to raise claims under these statutes, they are dismissed, pursuant to 28 U.S.C. § 1915(e)(B) and 1915A, for failure to state a claim. See Mian v. Donaldson, Lufkin & Jenrette Securities, 7 F.3d 1085, 1087-88 (2d Cir. 1993) (citation omitted), *cert. denied*, 516 U.S. 824 (1995) (elements of a § 1985 and § 1986 claim).

Plaintiff claims that from July 2007 through the present the defendants, Young and Geiger, "Facility Parole Officers," and Rosa, "Executive Director and Secretary of the New York State Division of Parole," violated his rights when they conspired "to file extreme and false and knowingly false and negative information" within his parole records "to sabotage any chance [he] may have of ascertaining immediate parole and release" (Docket No. 1, Complaint, ¶ 5A., First Claim, p. 5). Plaintiff also alleges that Rosa has allowed the New York State Division of Parole to be operated as a "corrupt organization and a[n] evil, malicious breeding ground by its staff" to violate plaintiff's rights. (Id., ¶ 5A, Second Claim). Plaintiff seeks, inter alia, monetary relief, that the defendants be arrested and prosecuted and immediate release and parole. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[2] Because the complaint does not state a claim upon which relief can be granted and is being conditionally dismissed herein, the motions for the appointment of counsel, and temporary restraining order and preliminary injunction

---

[2]Plaintiff is being granted permission to file an amended complaint with respect to his parole or parole file claim only and is not being granted permission to file an amended complaint with respect to his claims under § 1985 and 1986, nor RICO inasmuch as said amendment would be futile as to those claims. See Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam).

are denied without prejudice. See Abdul Wali v. Coughlin, 754 F.2d 1015, 1025 (2d Cir. 1985); see, e.g., Paulsen v. County of Nassau, 925 F. 2d. 65, 68 (2d Cir. 1991) (plaintiff must demonstrate a likelihood of success on the merits and irreparable injury, or (2) raise serious questions going to the merits, with the balance of hardship tipping in the plaintiff's favor.)

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, --- U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007). "The settled rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

3

in support of his claim which would entitle him to relief." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citations and internal quotation marks omitted) (applying both §§ 1915 and 1915A). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir. 1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), unless plaintiff files an amended complaint as directed below. See McEachin, 357 F.3d at 200 ("We have frequently reiterated that [s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.") (internal quotation marks and citations omitted); see also Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with

the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

### A. Plaintiff's Allegations

As noted, the gravamen of the complaint is that the defendants placed false information in plaintiff's parole file to sabotage his chances of obtaining parole and early release. Other than some conclusory and wholly unsupported allegations relating to a corrupt Division of Parole, plaintiff sets forth no factual allegations as to why defendants placed false information in his parole file or what reason or reasons defendants had to place false information in his parole file. There are also no allegations that the alleged false information led to a denial of parole or early release.[3]

While it is difficult to decipher the exact nature or basis of plaintiff's constitutional claims herein, he appears to allege that the placement or filing of false information within his parole file by defendants will hamper his efforts to obtain parole. As noted,

---

[3] According to the New York State Department of Correctional Services' website:<http://nysdocslookup.docs.state.ny.us>, plaintiff's Earliest Release Date is listed as 9/29/09; his Parole Hearing Date is listed as 09/2009; his Parole Eligibility Date is listed as 11/26/07; and his Conditional Release Date is listed as 01/26/2012. The Parole Hearing Type is listed as a "Reappearance."

It is proper for the Court to take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed.R.Evid. 201(b). While much information on the Internet does not meet the requirements of Rule 201(b), sentence and parole information on the DOCS' web site is unquestionably accurate and readily available.

5

he does not indicate whether he has been denied parole previously based on this alleged false information and the Court can only presume that his claim is premised on his belief that the false information placed in his file will cause him harm in relation to his ability to obtain parole in the future. Based on these allegations, the complaint must be dismissed because it fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b). Plaintiff, however, will be allowed to file an amended complaint with respect to his claims under § 1983.

Plaintiff has no liberty interest in release on parole. See Barna v. Travis, 239 F.3d 169, 171 (2d Cir.2001) ("The New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release.... Accordingly, plaintiffs have no liberty interest in parole and the protections of the Due Process Clause are inapplicable."). See, e.g., Freeman v. Goord, No. 02 Civ. 9033(PKC), 2005 WL 3333465, * at 12 (S.D.N.Y. Dec. 7, 2005). Moreover, the inclusion of allegedly false information in plaintiff's "parole" file does not implicate a liberty interest for Due Process purposes. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988). "If there is no claim of retaliation or a constitutionally flawed disciplinary hearing, an 'inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result

in the deprivation of a protected liberty interest.'" Flemings v. Kinney, No. 02 Civ. 9989(DC), 2004 WL 1672448 at *4 (S.D.N.Y. July 27, 2004) (quoting Rideout, 808 F.2d at 951) (additional citation omitted).

Here, there are simply no allegations that plaintiff is being retaliated against for engaging in some constitutionally protected activity or that he had a parole hearing that was constitutionally flawed in some way. All that plaintiff alleges is that there is false information in his parole file which may lead to the denial of parole in the future. See Freeman v. Goord, 2005 WL 3333465, * at 12 ("While plaintiff contends that the allegedly false information in his file resulted in the denial of parole, he does not allege that his June 2001 or June 2003 parole hearings were marked by any lack of procedural Due Process."). Accordingly, plaintiff's complaint fails to state a claim for relief upon which relief can be granted and will be dismissed unless plaintiff files an amended complaint by **December 21, 2007,** with respect to his parole file claims only, and the motions for a temporary restraining order and preliminary injunction, and appointment of counsel are denied without prejudice.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed in forma pauperis is granted. For the reasons set forth above,

7

plaintiff's complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless he files an amended complaint by **December 21, 2007,** in which he includes the necessary allegations regarding his claims that defendants placed false information in his parole file and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's motions for a temporary restraining order and preliminary injunction, and for appointment of counsel are denied without prejudice.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.,* Vesco & Co., Inc. v. Int'l Controls Corp., 434 U.S. 1014 (1978); *see also* Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A. Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed

if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B).  See 28 U.S.C. § 1915(g).

**ORDER**

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **December 21, 2007**;

FURTHER, that plaintiff's motions for a temporary restraining order and preliminary injunction (Docket No. 5), and for appointment of counsel (Docket No. 7) are denied without prejudice;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **December 21, 2007**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **December 21, 2007**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **December 21,**

**2007,** the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

s/Michael A. Telesca<br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated:    November 16, 2007
          Rochester, New York